U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 2 8 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

Alexandria DIVISION

| | |
|---|---|
| Roderick Dean | CIVIL ACTION NO. 06-0038 |
| VS. | SECTION P |
| Orleans Parish District Attorney | JUDGE Drell |
| | MAGISTRATE JUDGE Kirk |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed on January 6, 2006 by pro se petitioner Roderick Dean. . Petitioner is a detainee awaiting trial for possession of narcotics and criminal trespass in the Orleans Parish Criminal District Court. As a result of the devastation wrought by Hurricane Katrina, petitioner has been transferred. Petitioner is currently incarcerated at Winn Correctional Center in Winnfield, Louisiana. Petitioner was granted leave to proceed *in forma pauperis* on January 12, 2005. [Rec. Doc. 3]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### STATEMENT OF THE CASE

Plaintiff asserts he is being unlawfully confined pursuant to an arrest in New Orleans on August 8, 2005 for possession of narcotics and criminal trespass. Plaintiff also alleges he has

been confined for more than sixty days (60) without arraignment which Louisiana law prohibits. [ Rec Doc.1 pg.2]

## LAW AND ANALYSIS

Petitioner is a pre-trial detainee who is challenging a pending Louisiana state court criminal prosecution. Thus, this petition is properly construed as seeking relief pursuant to 28 U.S.C. § 2241, which applies to persons in custody awaiting trial who have not yet been convicted. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) citing *Ojo v. INS*, 106 F.3d 680, 681 (5th Cir.1997), *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987) and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982).

Petitioner seeks immediate release from custody and dismissal of the pending charges. The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding filed pursuant to 28 U.S.C. §2254 is well established. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983). A petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. *Rose*, 455 U.S. 509; *Minor*, 697 F.2d 697. The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve

initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Dickerson*, 816 F.2d at 225; *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971); *Shute v. Texas*, 117 F.3d 233 (5th Cir. 1997).

In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a fair opportunity to review all of his *habeas corpus* claims before a federal court will review those claims. *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard*, 404 U.S. 270.

With regard to *habeas* petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court. However, a body of jurisprudential law requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention. *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

Furthermore, a federal court should abstain from the exercise of jurisdiction if the issue raised by a pre-trial detainee in a *habeas* petition may be resolved either by a trial on the merits in the state court or other state court proceedings. *Dickerson*, 816 F.2d at 225, citing *Braden*, 410 U.S.

at 489-92, 93 S.Ct. 1123 at 1126-28. These requirements are imposed to preclude "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden*, 410 U.S. at 493, 93 S.Ct. at 1129; *Dickerson*, 816 F.2d at 225-226.

The nature of the remedy sought provides a further distinction. The jurisprudence distinguishes between a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" by litigating a speedy trial defense to a prosecution prior to trial, from one who seeks only to enforce the state's obligation to bring him promptly to trial. *Dickerson*, 816 F.2d at 225. In *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976), the Fifth Circuit articulated the distinction:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal *habeas corpus*, the latter is, although the requirement of exhaustion of state remedies still must be met. *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976).

Petitioner's claims and prayer for relief suggest that he seeks dismissal of the charges and only in the alternative the

enforcement of the state's obligation to bring him promptly to trial.[1] Nevertheless, under either circumstance, exhaustion of state remedies must have occurred before a federal court will intervene.

The undersigned notes that Louisiana provides a remedy to pre-trial detainees who wish to contest the legality of their custody. See La. C.Cr.P. arts. 351 *et seq.* Louisiana also provides a statutory remedy for the violation of a criminal defendant's right to a speedy trial. See La. C.Cr.P. art. 701. Before he may seek federal *habeas* relief, petitioner must first avail himself of these or any other available remedies provided by the state. In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a fair opportunity to review all of his *habeas corpus* claims before a federal court will review those claims. A review of the published jurisprudence reveals that petitioner has not had his present claims reviewed by the Louisiana Supreme Court and therefore, these claims remain unexhausted.

Therefore,

**IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** for failing to exhaust available state court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and

---

[1] See Doc. 5-2, p. 6, "Petitioner ... pray writ be granted, an evidentiary or probable cause hearing be held, and thereafter he be ordered discharged from custody forthwith."

Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Alexandria, Louisiana this 28th day of March, 2006.

James D. Kirk
UNITED STATES MAGISTRATE JUDGE